ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

SONY BMG MUSIC ENTERTAINMENT, )
a Delaware general partnership; )
BMG MUSIC, a New York general )
partnership; MAVERICK RECORDING )
COMPANY, a California joint )
venture; and ARISTA RECORDS, LLC, )
a Delaware limited liability )
company, )
                                   )
     Plaintiffs,               )
                                   )
v.                                 )     CV 306-099
                                   )
MICHELLE LEE,              )
                                   )
     Defendant.                )

## O R D E R

The captioned matter is before the Court on Plaintiff's motion for default judgment. (Doc. no. 8.) Upon due consideration, the motion is **GRANTED**.

An entry of default was granted on April 10, 2007. (Doc. no. 7.) This default constitutes an admission of Plaintiffs' "well-pleaded allegations of fact." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. Accordingly, before entering a default judgment for damages, the Court "must ensure that the well-pleaded allegations in

---

[1] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, No. 05-16180, 2007 WL 542583, at *2 (11th Cir. Feb. 22, 2007); see also Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005).

According to the complaint, Defendant used an online media distribution system to copy and distribute five copyrighted sound recordings owned by Plaintiffs: "Say My Name" recorded by Destiny's Child, "All I Need to Know" recorded by Kenny Chesney, "How Forever Feels" recorded by Kenny Chesney, "You Get Me" recorded by Michelle Branch, and "I'm With You" recorded by Avril Lavigne. (See Compl. ¶ 12; see also Compl. Ex. A.) These admitted facts constitute direct copyright infringement.[2] Accordingly, default judgment is **HEREBY ENTERED** pursuant to Fed. R. Civ. P. 55(b).

Plaintiffs request minimum statutory damages, costs, and a permanent injunction. The Copyright Act gives Plaintiffs the choice of receiving either actual or statutory damages for the infringing activity. 17 U.S.C. § 504(c). Because Plaintiffs have chosen to receive statutory damages, they are entitled to at least $750.00 but no more than $30,000 for each

---

[2] See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 922 (2005); In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003); A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001).

act of infringement. Id. Here, Plaintiffs request the minimum statutory damages ($750.00) for each of the five infringements alleged in the complaint, for a total of $3,750.00. Because Plaintiffs only seek the minimum damages to which they are entitled under the Copyright Act, the Court need not hold an evidentiary hearing before awarding damages.[3] Accordingly, **IT IS ORDERED** that Plaintiffs shall have and recover $3,750.00 from Defendant.

Plaintiffs also seek a permanent injunction pursuant to 17 U.S.C. § 502(a). Section 502(a) specifically authorizes the Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Because Defendant's conduct, as alleged in the complaint, has and will, unless enjoined, cause Plaintiffs irreparable injury that cannot be fully compensated or measured in money, the Court finds that a permanent injunction is appropriate.

Defendant is **HEREBY ENJOINED** from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs), including by using the Internet or any

---

[3] See Atlantic Recording Corp. v. Ellison, CV 06-0787, 2007 WL 1121278, at *4 (S.D. Ala. Apr. 16, 2007); Priority Records, LLC v. Lee, CV 506-231, 2007 WL 1087418, at *2 (M.D. Ga. Apr. 9, 2007); Virgin Records Am., Inc. v. Williams, CV 306-631, 2006 WL 3253056, at *1 (M.D. Ala. Oct. 27, 2006).

online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' recordings, to distribute (*i.e.*, upload) any of Plaintiffs' recordings, or to make any of Plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Moreover, Defendant must destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Finally, Plaintiffs request costs of $550.00. The Court has discretion to award such costs. See 17 U.S.C. § 505. Although the requested amount appears reasonable, Plaintiffs' request is not supported by documentation itemizing their actual costs. The Court will not consider awarding Plaintiffs costs unless and until they submit sufficient documentation. If Plaintiffs wish to submit documentation supporting their request for costs, they must do so within ten (10) days of the date of this Order.

**ORDER ENTERED** at Augusta, Georgia, this ___23___ day of April, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

4